**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Jeanne Weierheiser, | : Civil Action No.:  5:13-cv-00837-GLS-ATB |
| Plaintiff, | : |
| v. | : |
| Source Mediation Services; and | : **FIRST AMENDED COMPLAINT** |
| DOES 1-10, inclusive, | : |
| Defendants. | : |

For this First Amended Complaint, the Plaintiff, Jeanne Weierheiser, by undersigned

counsel, states as follows:

## JURISDICTION

1.      This action arises out of the Defendants' repeated violations of the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of the

Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a

consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the

Defendants transact business in this District and a substantial portion of the acts giving rise to

this action occurred in this District.

## PARTIES

4.      The Plaintiff, Jeanne Weierheiser ("Plaintiff"), is an adult individual residing in

Brooktondale, New York, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant Source Mediation Services ("SMS"), is a Pennsylvania business entity

with an address of 1272 Providence Road, Secane, Pennsylvania 19018, operating as a collection

agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.       Does 1-10 (the "Collectors") are individual collectors employed by SMS and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.       SMS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

8.       The Plaintiff allegedly incurred a financial obligation in the approximate amount of $280.00 (the "Debt") to an original creditor (the "Creditor").

9.       The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.      The Debt was purchased, assigned or transferred to SMS for collection, or SMS was employed by the Creditor to collect the Debt.

11.      The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.  SMS Engages in Harassment and Abusive Tactics

12.      Within the last year, Defendants contacted Plaintiff in an attempt to collect the Debt.

13.      During the initial telephone communication with Plaintiff, Defendants failed to inform Plaintiff that the communication was an attempt to collect a debt and everything Plaintiff said would be used for that purpose.

14.      In the summer of 2012, Plaintiff informed she had retained services of an attorney, provided Defendants with her attorney's name and telephone number, and instructed

2

Defendants to cease calling her.

15.     Despite the foregoing, Defendants continued to place up to two (2) calls per week to Plaintiff requesting that Plaintiff pay the Debt.

16.     Defendants' representative "Brian Lawson" was rude and unprofessional toward Plaintiff, stating: "I pay my bills and you need to do the same!"

**C.  Plaintiff Suffered Actual Damages**

17.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

18.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

19.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendants contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney.

21.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

22.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

23.     The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a

3

debt.

24.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

25.     The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

26.     The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

27.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

28.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1.     Against the named the Defendants, jointly and severally, awarding the Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2.     Against each of the named the Defendants, awarding the Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3.     Against the named the Defendants, jointly and severally, awarding the Plaintiff recovery of the costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4.     Against the named the Defendants, jointly and severally, awarding the Plaintiff punitive damages in such amount as is found appropriate; and

5.     Granting the Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 14, 2013

Respectfully submitted,

By  */s/ Sergei Lemberg*

Sergei Lemberg (SL 6331)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 14th of August, 2013, the foregoing was filed with the clerk of the Court through the CM/ECF system (ECF) and that the document is available on the ECF.

<u>/s/ Sergei Lemberg</u>
Sergei Lemberg